IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION



FILED
AUG 1 2 2014
DAVID CREWS, CLERK
BY _____ Deputy

| | |
|---|---|
| JUDY BOUCHILLON, INDIVIDUALLY, AND ON BEHALF OF THE STATUTORY WRONGFUL DEATH BENEFICIARIES OF JIM BOUCHILLON, DECEASED; AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JIM BOUCHILLON | PLAINTIFFS |
| VS. | CAUSE NO. 1:14CV135-SA-DAS |
| SAME DEUTZ-FAHR, GROUP; SAME DEUTZ-FAHR NORTH AMERICA, INC.; AND DEUTZ AG | DEFENDANTS |

**COMPLAINT**
**JURY TRIAL DEMANDED**

COMES NOW Plaintiff, Judy Bouchillon, individually, and on behalf of the statutory wrongful death beneficiaries of Jim Bouchillon, deceased, and as personal representative of the Estate of Jim Bouchillon, by and through counsel, and files this her *Complaint* against Defendant, SAME Deutz-Fahr Group; Defendant, SAME Deutz-Fahr, North America, Inc., and Defendant, Deutz AG, and in support thereof, would show the following:

THE PARTIES

1. Plaintiff, Judy Bouchillon, is an adult resident citizen of Winston County Mississippi. Plaintiff is the surviving spouse of Jim Bouchillon, deceased, ("Mr. Bouchillon"). Plaintiff also brings this civil action on behalf of the statutory wrongful death beneficiaries of Mr. Bouchillon. In addition to Plaintiff, said wrongful death beneficiaries are Mr. Bouchillon's two surviving daughters, Katie Bouchillon, an adult resident citizen of

Winston County, Mississippi, and Maria Bouchillon Brock, an adult resident citizen of Choctaw County, Mississippi. Plaintiff further brings this action as personal representative of the Estate of Jim Bouchillon inasmuch as Plaintiff has been appointed as executrix of said estate.

2. Defendant, SAME Deutz-Fahr Group is a corporation organized under the laws of Italy having a principal office address of Viale F Cassani 14, 24047 Treviglio (BR), and may be served with process pursuant to Fed. R. Civ. P. 4.

3. Defendant, SAME Deutz-Fahr North America, Inc. is a corporation organized under the laws of Delaware with a principal office address of 3883 Steve Reynolds Blvd, Norcross, GA 30093. Defendant may be served with process by service upon its registered agent for service of process CT Corporation System, 1201 Peachtree Street NE, Atlanta, GA 30361.

4. Upon information and belief, Defendant, Deutz AG, is a corporation organized under the laws of Germany having a principal office address of Ottostr. 1, 51149 Koln-Porz (Eil), Germany, and may be served with process pursuant to Fed. R. Civ. P. 4.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. This Court has personal jurisdiction over the parties because both Defendants have sufficient minimum contacts with this State so as not to offend the due process clauses of the 5th and 14th Amendments to the United States Constitution. Additionally, Mississippi's Long Arm Statute, Miss. Code Ann. § 13-3-57, is satisfied because, *inter alia*, the Defendants have committed a tort in whole or in part against a resident of this State, and because the Defendants conduct business in this State.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred within the Northern District of Mississippi, Aberdeen Division.

## FACTUAL BACKGROUND

8. On or about August 17, 2013, Mr. Bouchillon was operating his Deutz model 3006 tractor ("the subject tractor") on property he owned in Winston County, Mississippi. Mr. Bouchillon was pulling a mower behind the subject tractor, and was mowing the grass on a road that ran through his property.

9. The subject tractor came into contact with a tree sapling that became entangled in the tractor's tire. As the subject tractor moved forward, the tree sapling cinched down on top of Mr. Bouchillon's back and killed him.

10. At all times material and relevant, the subject tractor was not equipped with a safety frame; a rollover protection system ("ROPS"); an operator protection system ("OPS");

or a falling objects protection system ("FOPS").

11.     At all times material and relevant, the subject tractor was not equipped with any warning or instructions.

12.     At all times material and relevant, the subject tractor was not equipped with any means to store or maintain a copy of an owners manual on the tractor itself.

13.     The subject tractor was designed, manufactured, marketed, distributed, warranted, and sold by Defendants, therefore, Defendants are liable for injuries and damages caused by the defective nature of the subject product.

Alternatively, Defendants are the successors to the entity that designed, manufactured, marketed, distributed, warranted and sold the subject tractor, and are therefore liable for injuries and damages caused by the defective nature of the subject tractor pursuant to well-established principles of successor liability. Liability is further imposed on Defendants pursuant to the "product line" theory of liability applicable to successor companies.

DESIGN DEFECT CLAIM
PURSUANT TO MISS. CODE ANN. § 11-1-63, *et. al.*

14.     At the time the subject tractor left Defendants' control, the product was defectively designed because, *inter alia*, it was not equipped with a safety frame or a canopy; a rollover protection system ("ROPS"); an operator protection system ("OPS"), or a falling object protection system ("FOPS"). Said defective design rendered the

subject tractor unreasonably dangerous to Mr. Bouchillon and to the ordinary user and consumer. Said defective design and unreasonably dangerous condition proximately caused Mr. Bouchillon's injuries and death.

15. At the time the subject tractor left Defendant's control, Defendants knew or should have known of the danger that caused Mr. Bouchillon's death including but not limited to the danger of trees and other objects striking the tractor operator thereby causing injury or death.

16. The subject tractor failed to perform as Mr. Bouchillon and the ordinary user and consumer would have expected. Specifically, neither Mr. Bouchillon nor the ordinary user or consumer would have expected that a tree sapling entangled in the tractor tire would cinch down on Mr. Bouchillon's back and cause serious injury and death.

17. At the time the subject tractor left the Defendant's control, there existed a feasible design alternative that would, to a reasonable degree of probability, have prevented Mr. Bouchillon's injuries and death without unreasonably impairing the utility, usefulness, practicality or desirability of the product. A safety frame or canopy; a rollover protection system ("ROPS"); an operator protection system ("OPS"), and/or a falling object protection system ("FOPS") each constitute such a feasible design alternative.

## FAILURE TO WARN CLAIM
## PURSUANT TO MISS. CODE ANN. § 11-1-63, *et. al.*

18. At the time the subject tractor left Defendants' control, the product was defective because it failed to contain adequate warnings including but not limited to warnings regarding the dangers of objects being caught in the tractor's tire; the dangers of using the subject product around trees and around other objects that can enter the operator zone and cause injury or death to the operator; and the dangers of using the tractor without a proper safety frame, canopy, OPS, ROPS, or FOPS.

19. The subject tractor was further defective because it failed to contain adequate instructions including but not limited to instructions regarding the safe use of the product including but not limited to the safe use of the product around trees and other objects that can enter the operator zone and cause injury or death to the operator, and instructions regarding the safe use of the product in connection with a safety frame, canopy, OPS, ROPS, or FOPS.

20. Said defective conditions rendered the subject tractor unreasonably dangerous to Mr. Bouchillon and to the ordinary user and consumer. Said defective and unreasonably dangerous condition proximately caused Mr. Bouchillon's injuries and death. The dangerous condition was not obvious to Mr. Bouchillon and would not be obvious to the ordinary user or consumer of the product. The ordinary user and consumer would not realize this dangerous condition.

21. At the time the subject tractor left Defendant's control, Defendants knew or should have known of the danger that caused Mr. Bouchillon's death including but not limited to the danger of trees and other objects entering the operator zone and causing injury or death to the operator.

## DAMAGES

22. As alleged, *supra*, the subject tractor is defective in design, and is further defective for failure to contain adequate instructions and warnings. Said defects rendered the product unreasonably dangerous to Mr. Bouchillon and to the ordinary user and consumer.

23. As a proximate result of the defective and unreasonably dangerous and defective condition of the subject tractor, Mr. Bouchillon was killed. Mr. Bouchillon's death proximately caused the Plaintiff; Mr. Bouchillon's Estate, and the statutory wrongful death beneficiaries to suffer damages.

24. The Plaintiff, individually, and on behalf of Mr. Bouchillon's statutory wrongful death beneficiaries, and as personal representative of the Estate of Jim Bouchillon, seeks recovery of Mr. Bouchillon's last medical and funeral expenses; the present net cash value of Mr. Bouchillon's life, as well as damages for the pain and suffering that Mr. Bouchillon experienced prior to his death; for the loss of society and companionship of Mr. Bouchillon; for Mr. Bouchillon's lost wages both past and future; for loss of consortium; pain, suffering, emotional distress, costs and reasonable attorney

fees; prejudgment and post-judgment interest; and for any other damages available at law.

## PUNITIVE DAMAGES

25.　Defendants acted with actual malice and/or gross negligence which evidences a willful, wanton, or reckless disregard for Mr. Bouchillon's rights which entitles Plaintiff, Mr. Bouchillon's Estate, and the statutory wrongful death beneficiaries, to an award of punitive damages and attorney fees.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a trial by jury, and prays that her *Complaint* be received and filed, and that this Court would grant her the relief requested herein, and further enter judgment of, from, and against Defendants, jointly and severally, to adequately compensate Plaintiff, the Estate of Jim Bouchillon, and the wrongful death beneficiaries, for their damages, together with punitive damages, costs, reasonable attorney fees, prejudgment interest, post-judgment interest, and for any other relief provided by law.

RESPECTFULLY SUBMITTED this the 10th day of August, 2014.

>JUDY BOUCHILLON, INDIVIDUALLY,
AND ON BEHALF OF THE STATUTORY
WRONGFUL DEATH BENEFICIARIES OF
JIM BOUCHILLON, DECEASED, AND AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF JIM BOUCHILLON
>
>By: /s/ Willi E. Ballard
>
>Attorney for Plaintiff

RICHARD P. BALLARD, ESQ.
MSB NO. 1727
650 North Church Avenue
Louisville, MS 39339
662-779-5488 (telephone)
662-773-9163 (facsimile)
rballardlaw@ms.metrocast.net

WILLIAM E. BALLARD, ESQ.
MS BAR NO. 103332
Ballard Law, PLLC
108 S President St
Jackson, MS 39201
(769) 572-5111 telephone
(601) 813-0845 facsimile
will@BallardLaw.ms