**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

| | |
|---|---|
| **JUDY BOUCHILLON, Individually, and** <br> on behalf of the Statutory Wrongful Death <br> Beneficiaries of Jim Bouchillon, Deceased; <br> and as Personal Representative of the <br> Estate of Jim Bouchillon | **PLAINTIFF** |
| V. | NO. 1:14-CV-00135-DMB-DAS |
| **SAME DEUTZ-FAHR, GROUP; SAME** <br> **DEUTZ-FAHR NORTH AMERICA,** <br> **INC.; DEUTZ AG; and SAME DEUTZ-** <br> **FAHR DEUTSCHLAND, GMBH, d/b/a as** <br> **SAME Deutz-Fahr Germany** | **DEFENDANTS** |

## ORDER

This products liability action is before the Court for consideration of the report and recommendation submitted by Special Master Werner F. Ebke, Doc. #215; and Judy Bouchillon's "Motion for Leave to Provide Motion and Exhibit to Special Master," Doc. #224.

### I
### Procedural History

#### A. Complaint and Filing of Dispositive Motions

This case arises out of the fatal injury sustained by Jim Bouchillon while he was operating a Deutz model 3006 tractor ("Tractor") on August 17, 2013. Doc. #1 at ¶ 8. His wife and estate representative, Judy Bouchillon, commenced this wrongful death product liability action against three German corporations: SAME Deutz-Fahr, Group ("SAME Group"); Deutz AG ("Deutz"); and SAME Deutz-Fahr North America, Inc. ("SAME America"). In her complaint, Judy[1] alleged that the Tractor was defective and "was designed, manufactured,

---

[1] To avoid confusion, the Court will refer to the Bouchillons by their first names.

marketed, distributed, warranted, and sold by Defendants." *Id*. at ¶¶ 10–13. The complaint asserted two claims: a design defect claim, pursuant to Miss. Code Ann. § 11-1-63; and a failure to warn claim pursuant to Miss. Code Ann. § 11-1-63. *Id*. at ¶¶ 14–21. SAME America and SAME Group answered the complaint on November 7, 2014. Doc. #4. Deutz, after seeking and receiving an extension of the deadline to respond to the complaint, answered on January 19, 2015. Doc. #14; Doc. #19.

On March 24, 2016, after approximately a year of discovery, Judy filed a motion to amend her complaint to add an additional defendant, SAME Deutz-Fahr Deutschland GmbH d/b/a Same Deutz-Fahr Germany ("SAME Germany"). Doc. #66. SAME America and SAME Group responded in opposition to the motion to amend, Doc. #76, and Judy replied, Doc. #77. On July 15, 2015, United States Magistrate Judge David A. Sanders granted the motion to amend. Doc. #85. On July 17, 2015, Judy filed her amended complaint. Doc. # 86. All defendants answered the amended complaint. Doc. #80; Doc. #108; Doc. #109.

On July 18, 2015, Deutz filed a motion for summary judgment, arguing that it transferred "all assets, liabilities and risks of its tractor business" in a sale to Agrartechnik GmbH (a predecessor to the SAME entities), which took place in 1991 and 1992. Doc. #81. On September 4, 2015, SAME Group and SAME America responded in opposition to Deutz's motion for summary judgment and filed their own motion for summary judgment. Doc. #99; Doc. #100. The same day, Judy filed a response to Deutz's motion for summary judgment arguing, of relevance here, that "by virtue of the 1991 and 1992 agreements ... [SAME] Group and SAME Germany are legally responsible for product liability claims related to [the] tractor." Doc. #102 at 4. Similarly, on November 23, 2015, Judy, in response to the SAME defendants' motion for summary judgment, argued that "[t]he 1992 agreement effectively transferred Deutz's

2

tractor related product liabilities to KHD Agrartechnik." Doc. #126 at 4. Also on November 23, 2015, Deutz filed a "Consolidated Reply Memorandum in Support of its Motion for Summary Judgment and Memorandum in Support of its Response in Opposition to [SAME] Group and [SAME] America['s] ... Motion for Summary Judgment." Doc. #129. SAME Group and SAME America replied in support of their motion for summary judgment on December 18, 2015. Doc. #139; Doc. #140.

### B. Referral to Special Master

On March 10, 2016, this Court, acting on motion of SAME America and SAME Group, issued an order submitting the pending motions for summary judgment to a special master. Doc. #162. On June 17, 2016, the Court, after receiving from the parties four nominations for special master, appointed Werker F. Ebke as the special master in this action. Doc. #188.

On December 8, 2016, Ebke filed his report and recommendation with this Court.[2] Doc. #215. On December 29, 2016, Judy filed a motion to adopt Ebke's report. Doc. #218. The same day, SAME America and SAME Group filed a joint motion to adopt the report. Doc. #219. On January 3, 2017, Deutz filed a motion to adopt in part and modify in part the report. Doc. #220. SAME America and SAME Group responded in opposition to Deutz's motion to modify, Doc. #222, and Deutz timely replied, Doc. #223.

On February 3, 2017, this Court informed the parties that it intends to resubmit the report and recommendation to Ebke along with three additional questions, which were provided to the parties. The Court asked the parties to provide comments on the proposed questions, which they did on February 6, 2017.

---

[2] Ebke submitted his report after missing numerous deadlines, including the then-December 5, 2016, deadline for filing. *See* Doc. #214. Nevertheless, in the interest of judicial efficiency, the report is accepted.

Also on February 6, 2017, Judy filed a "Motion for Leave to Provide Motion and Exhibit to Special Master," in which she seeks "permission to provide a copy of [the] motion, and the attached exhibit, to the special master prior to his consideration of the additional questions to be presented to him by the Court." Doc. #224. The SAME defendants informed this Court, by e-mail, that they do not intend to respond in opposition to Judy's motion. Deutz responded, by e-mail, that it feels Judy's requested relief is moot.

## II
## Standard of Review

"In acting on a master's ... report, or recommendations, the court ... may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1). Unless the parties have stipulated otherwise, a court reviews de novo objections to a special master's report and recommendation. *See* Fed. R. Civ. P. 53(f)(3)–(4). Where no party has objected to the report and recommendation, the report is reviewed for clear error. *Onewest Bank N.A. v. Louis*, No. 15-cv-597, 2016 WL 4059214, at *1 (S.D.N.Y. July 28, 2016).

## III
## Report and Recommendation

The order of appointment directed Ebke to answer three questions:

(1) At the time of the 1992 contribution agreement between Deutz, then named Kloeckner-Humbolt-Deutz AG, and Agrartechnik GmbH, did German law prohibit Deutz from transferring to Agrartechnik or prohibit Agrartechnik from assuming from Deutz the product liability risk of the claims brought by Plaintiff under the Mississippi Product Liability Act?

(2) In the 1992 contribution agreement, whether by reference to the transfer balance sheet or otherwise, did Deutz expressly or impliedly transfer to Agrartechnik or did Agrartechnik expressly or impliedly assume from Deutz the product liability risk of the claims brought by Plaintiff?

(3) Even if the product liability risk at issue was not transferred or assumed in the 1992 agreement, are the SAME Defendants nonetheless liable for a judgment, if any, in Plaintiff's favor, pursuant to German successor liability law, including under a doctrine similar to Mississippi's "continuity of enterprise" theory, identified herein?

Doc. #188 at 3–4 (emphases omitted).

### A. Question 1

Initially, Ebke concluded that "[t]he German Product Liability Act ('GPLA') ... [did] not expressly prohibit Deutz from transferring to Agrartechnik or prohibit Agrartechnik from assuming from Deutz the product liability risk of the claims brought by Plaintiff under the Mississippi Product Liability Act." Doc. #215 at ¶ 21. Based on this conclusion, Ebke recommended that the first question be answered as follows:

> At the time of the 1992 Contribution Agreement between Deutz, then named KloecknerHumbolt-Deutz AG, and Agrartechnik GmbH, German law did not prohibit Deutz from transferring to Agrartechnik or prohibit Agrartechnik from assuming from Deutz the product liability risk of the claims brought by Plaintiff under the Mississippi Product Liability Act.

*Id.* at ¶ 65.

### B. Question 2

Turning to the second question, Ebke began by concluding:

> In view of the clear and unambiguous language of Section 1 of the 1991 Contribution Agreement, it is obvious that reserves (provisions) for product related liability risks, if any, were not covered by the 1991 Contribution Agreement because Section 1 of the 1991 Contribution Agreement expressly referred only to "reserves for pensions" ("provisions for pensions").

*Id.* at ¶ 36.

Next, Ebke noted that under the 1992 contribution agreement, transfer of liabilities and assets from the tractor division included "all unconditional, conditional and uncertain liabilities recorded or named in the transfer balance sheet." *Id.* at ¶ 38. Ebke further noted that

5

"[a]ccording to Section 3 of the 1992 Contribution Agreement, the ... transfer balance sheet [was to be prepared] in accordance with German generally accepted book-keeping and financial accounting principles in conformity with Book 3 of the German Commercial Code." *Id*. at ¶ 37. Ebke then explained that "[a]ccording to German generally accepted financial accounting principles, a company is required, as a general rule, to itemize provisions for uncertain liabilities," but that "[g]eneral flat-rate provisions for uncertain liabilities ... are permitted ... if a number of prerequisites are met." *Id*. at ¶ 44.

Applying these rules to the transfer balance sheet, Ebke first observed that the sheet "did not record, as a specific item, any uncertain product liabilities and risks ...." *Id*. at ¶ 46. However, Ebke noted that "in theory, the transfer balance sheet item 'other reserves' may have included provisions for uncertain product liabilities and risks." *Id*. at ¶ 47. Nevertheless, Ebke stated that he could not conclude whether there were "any uncertain product liabilities or risks that could have been recorded as a line item or generally under the item 'other reserves' in the transfer balance sheet ...." *Id*. at ¶ 48.

Next, Ebke turned to Sections 414 and 415 of the German Civil Code, which regulate "[t]he transfer and assumption of a liability (debt)." *Id*. at ¶ 49. Under the relevant provisions, Ebke explained a "future liability," such as Judy's claim, "can be transferred only with the obligee's (i.e., the Claimant's) ratification." *Id*. at ¶ 54. However, Ebke observed that section 13, subsection 2, of the 1992 agreement, which governs the transfer of duties and legal relationships, "provides that in the absence of consent by a third party 'the parties shall treat each other inter se as if the transfer had been effectuated.'" *Id*. at ¶ 56. Based on this law and the text of section 13, Ebke concluded:

> [W]hile there may have been a "debt" within the meaning of Section 415 of the
> German Civil Code that could have been transferred under the 1992 Contribution

Agreement from KHD to Agrartechnik and assumed by Agrartechnik. [T]he intended transfer and assumption of "all unconditional, conditional and uncertain liabilities" are not effective, according to German law, for want of ratification by the Claimant.

However, Section 13 Subsection 2 of the 1992 Contribution Agreement provides that in the absence of the ratification by the third party "the parties shall treat each other inter se as if the transfer had been effectuated". Hence, while under the 1992 Contribution Agreement Agrartechnik has not assumed uncertain product liabilities or risks from KHD and is, therefore, not liable directly to the Claimant, Agrartechnik is "obliged to satisfy in their entirety all claims of the contracting partners and shall hold KHD harmless from all such claims."

*Id*. at ¶ 58–59.

Accordingly, Ebke recommended that Question Two be answered as follows:

In the 1992 Contribution Agreement, whether by reference to the transfer balance sheet or otherwise, Deutz did not transfer expressly or impliedly to Agrartechnik nor did Agrartechnik expressly or impliedly assume from Deutz the product liability risk of the claims brought by Plaintiff.

*Id*. at ¶ 66.

### C. Question 3

As for Question 3, Ebke noted that "[w]hile German law does not have a doctrine resembling Mississippi's 'continuity of enterprise' theory, there are statutory provisions and general principles of law in Germany that reach functionally comparable results." *Id*. at ¶ 60. Specifically, Ebke noted that: (1) under Section 419 of the German Civil Code, assuming parties may be jointly and severally liable for a claim if the claim existed at the time of the transfer, *id*. at ¶ 60; and (2) under Section 25 of the German Commercial Code, a successor may be liable if it continues a transferred business under its original name, *id*. at ¶ 62. However, Ebke concluded that these provisions do not apply to this case because: (1) Judy's claim did not exist at the time of the transfer, *id*. at ¶ 61; and (2) Agrartechnik did not continue the transferred business under its original name, *id*. at ¶ 63.

7

Accordingly, Ebke recommended that Question Three be answered as follows:

> SAME Defendants are not liable for a judgment, if any, in Plaintiff's favor, pursuant to German law on successor liability, including under a doctrine similar to Mississippi's "continuity of enterprise" theory, identified herein.

*Id*. at ¶ 67.

## IV
## Clarification

Deutz's motion to modify asks the Court to adopt Ebke's answer to Question One but to modify the answers to Question Two and Question Three. Doc. #220. Upon review of Deutz's objections and the responses thereto, as well as the e-mail responses submitted by the parties, the Court concludes that the report and recommendation should be resubmitted to Ebke for clarification regarding certain issues. Specifically, Ebke will be directed to answer the following questions:

> Question 4: Assuming the 1992 Contribution Agreement could be read to expressly or impliedly transfer from Deutz to Agrartechnik the product liability risk of the claims brought by Judy Bouchillon, did Judy Bouchillon, by arguing in this case that the 1992 Contribution Agreement transferred liability to Agrartechnik, ratify such transfer, within the meaning of Section 415 of the German Civil Code?
>
> Question 5: In the 1992 Contribution Agreement, could Deutz, without ratification by Judy Bouchillon as Claimant, have effectively transferred to Agrartechnik, or could Agrartechnik, without ratification by Judy Bouchillon as Claimant, have effectively assumed from Deutz, the product liability risk of the claims brought by Judy Bouchillon?
>
> Question 6: Does German law, like American law, recognize that a party may have a duty to indemnify against a claim without being liable for the claim itself?

In resubmitting his report and recommendation, Ebke must comply with the requirements of this Court's Order Appointing Special Master, including the provision directing him to

consider "materials filed on the docket in this case."[3]  *See* Doc. #188.  Accordingly, to the extent Judy seeks leave to provide Ebke with her February 6, 2017, motion and the accompanying exhibit, such relief must be denied as moot.

# V
# Conclusion

Accordingly, for the reasons above:

1. The report and recommendation [215] is **RESUBMITTED** to Ebke with instructions to include an answer to Questions 4, 5, and 6 stated above.

2. Ebke shall submit to the Court his resubmitted report and recommendation with answers to the above questions no later than April 15, 2017, or shall seek an extension by filing a motion at the earliest possible date.

3. Objections and/or motions regarding the resubmitted report and recommendation shall be filed no later than twenty-one (21) days after the filing of the resubmitted report and recommendation.

4. The motions to adopt and/or modify the report and recommendation [218][219][220] are **DENIED as moot**.

5. Judy's "Motion for Leave to Provide Motion and Exhibit to Special Master" [224] is **DENIED as moot**.

6. This action is **STAYED** until the filing of the resubmitted report and recommendation.

**SO ORDERED**, this 7th day of February, 2017.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] For ease of citation, Ebke should also ensure that the resubmitted report and recommendation includes accurate paragraph numbering and references.  The report and recommendation submitted to the Court has two paragraphs numbered 46.

9