IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JUDY BOUCHILLON, Individually, and
on behalf of the Statutory Wrongful Death
Beneficiaries of Jim Bouchillon, Deceased;
and as Personal Representative of the
Estate of Jim Bouchillon                                                           PLAINTIFF

V.                                                                         NO. 1:14-CV-135-DMB-DAS

SAME DEUTZ-FAHR, GROUP; SAME
DEUTZ-FAHR NORTH AMERICA,
INC.; DEUTZ AG; and SAME DEUTZ-
FAHR DEUTSCHLAND, GMBH, d/b/a as
SAME Deutz-Fahr Germany                                                     DEFENDANTS


## ORDER

This products liability action is before the Court for allocation of payment of the invoice submitted by Special Master Werner F. Ebke.

## I
### Relevant Procedural History

This case arises out of the fatal injury sustained by Jim Bouchillon while he was operating a Deutz model 3006 tractor on August 17, 2013. Doc. #1 at ¶¶ 8–9. His wife and estate representative, Judy Bouchillon, commenced this wrongful death product liability action against three German corporations: SAME Deutz-Fahr, Group ("SAME Group"); Deutz AG ("Deutz"); and SAME Deutz-Fahr North America, Inc. ("SAME America"). On June 15, 2015, after approximately a year of discovery, Judy moved to amend her complaint to add an additional defendant, SAME Deutz-Fahr Deutschland GmbH, d/b/a Same Deutz-Fahr Germany ("SAME Germany"). Doc. #66. After receiving leave from the Court, Judy filed her amended complaint on July 17, 2015. Doc. #86.

On July 8, 2015, Deutz moved for summary judgment, arguing that in 1991 and 1992, it transferred "all assets, liabilities and risks of its tractor business" in a sale to KHD Agrartechnik GmbH (a predecessor to the SAME entities). Doc. #81 at 1. On September 4, 2015, SAME Group and SAME America responded in opposition to Deutz's motion for summary judgment and filed their own motion for summary judgment. Doc. #99; Doc. #100. The same day, Judy responded to Deutz's motion for summary judgment arguing, of relevance here, that "by virtue of the 1991 and 1992 agreements ... [SAME] Group and SAME Germany are legally responsible for product liability claims related to … [the] tractor." Doc. #102 at 4. Similarly, on November 23, 2015, Judy, in response to the SAME defendants' motion for summary judgment, argued that "[t]he 1992 [a]greement [e]ffectively transferred Deutz's tractor related product liabilities to KHD Agrartechnik." Doc. #126 at 4. Also on November 23, 2015, Deutz filed a "Consolidated Reply Memorandum in Support of its Motion for Summary Judgment and Memorandum in Support of its Response in Opposition to [SAME] Group and [SAME] America['s] ... Motion for Summary Judgment." Doc. #129. SAME Group and SAME America replied in support of their motion for summary judgment on December 18, 2015. Doc. #139; Doc. #140.

On March 10, 2016, the Court, acting on motion of SAME America and SAME Group, issued an order submitting the pending summary judgment motions to a special master. Doc. #162. The order specifically called on the special master to answer certain questions related to German law of transfers of liabilities. *See id*. at 8. The same day, the Court issued a "Notice of Appointment of Special Master" which provided, in relevant part, that "[t]he Court will approve compensation for all reasonable time spent, and after considering the factors in Rule 53(g)(3), will allocate the burden of compensation among the parties as appropriate." Doc. #163 at 3. To this end, the Court noted that it would "take into account that the referred summary judgment motions

primarily represent a dispute between the several German corporate Defendants, and that Plaintiff has a reduced role in the necessity of a special master." *Id*. at 3 n.1. The Court also stated it would "consider … which parties sought the special master and which did not." *Id*.

On June 17, 2016, the Court, after receiving from the parties four nominations for special master, appointed Werner F. Ebke as the special master in this action. Doc. #188.[1] Ebke filed a report and recommendation with this Court on December 8, 2016. Doc. #215. On February 7, 2017, the Court, after receiving objections to the report and recommendation, resubmitted the document to Ebke with instructions to answer additional questions. Doc. #225. Ebke resubmitted the report and recommendation on April 17, 2017. Doc. #226. The Court ultimately adopted Ebke's resubmitted report and recommendation. Doc #232.

Sometime later, Ebke submitted to the Court an invoice for $20,050.00 for his work on the case. No party has objected to the amount requested by the invoice. However, Deutz filed an objection stating that "the SAME Defendants should be responsible for a significant portion of th[e] invoice in an amount of fifty percent (50%) or more …." Doc. #248 at 2. Judy filed an objection requesting "that none of the Special Master's fees be allocated to the Plaintiff." Doc. #247 at 2.

## II
## Analysis

Regarding a special master's compensation, Federal Rule of Civil Procedure 53(g)(3) provides that "[t]he court must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master."

---

[1] On April 14, 2016, United States District Judge Sharion Aycock recused herself from this case and the case was reassigned to the undersigned district judge.

As this Court previously observed, the controversy Ebke was appointed to resolve primarily involved a dispute between the various defendants regarding the application of the German law of successor liability. Accordingly, the first factor weighs in favor of allocating a higher burden of the invoice to the defendants.

With regard to the second factor, the parties have not introduced evidence showing the relevant means of the corporate defendants. However, Judy has persuasively argued that her means "are miniscule when compared to the financial means of the corporate Defendants in this case." Doc. #247 at 2. Under these circumstances, the Court concludes that the second factor weighs in favor of a higher allocation to the defendants.

Finally, a review of the record reveals that a special master was appointed on motion of SAME America and SAME Group, over the objections of Judy and Deutz. However, Ebke was appointed to resolve a dispute implicated by arguments advanced by all parties. Accordingly, the third factor weighs in favor of an allocation to all parties, with a higher share allotted to SAME America and SAME Group.

Upon consideration of the relevant factors, the Court concludes that the $20,050.00 fee should be allocated as follows: (1) $6,015 (30%) to be paid by SAME America; (2) $6,015 (30%) to be paid by SAME Group; (3) $4,010 (20%) to be paid by SAME Germany; and (4) $4,010 (20%) to be paid by Deutz. The parties shall deposit the required fees with the Court no later than fourteen (14) days from the issuance of this order.

**SO ORDERED**, this 3rd day of April, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**